

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Birmingham District Office

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
(205) 212-2148
TTY (205) 212-2112
FAX (205) 212-2105

**Charge No. 130-2004-00534**

Aimee Smith                                    **Charging Party**
P.O. Box 1443
Montgomery, Alabama 36102

Kentucky Fried Chicken                         **Respondent**
1965 Coliseum Blvd
Montgomery, Alabama 36110

### DETERMINATION

Under the authority vested in me under the Commission's Procedural regulations, I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964 ("the Act"), 42 U.S.C. § 2000e, et seq., and timeliness and all other requirements for coverage have been met.

Charging Party alleges that Respondent discriminated against her on the basis of her sex (female) and race (Black) by sexually harassing her and subsequently discharging her in retaliation for complaining of the sexual harassment.

Respondent denies that it discriminated against Charging Party because of her sex and race. Respondent contends that Charging Party was discharged by the General Manager because of her having a shortage of funds from her cash register, which is a dischargeable offense. In addition, Respondent contends that when the sexual harassment was reported, an immediate investigation was conducted. Respondent states that during the investigation it was discovered that the alleged harasser had falsified his employment application, and that once this was discovered, the alleged harasser was immediately terminated and the investigation was closed.

Evidence supports Charging Party's allegation that she was subjected to sexual harassment in the work place and retaliated against in the form of discharge because she complained of the sexual harassment. The evidence indicates that Charging Party complained of more than one member of Respondent's management staff about the sexual harassment. Evidence shows that Charging Party complained of the sexual harassment to a duty manager and a shift supervisor.

-1-

**EXHIBIT**
tabbies
4

FROM : PB DUNCAN LLC/GOOD GOVERNMENT   PHONE NO. : 334 264 9643   Oct. 07 2005 09:45AM P2

130 2004 0053- Aimee Smith v. Kentucky Fried Chicken

The evidence also shows that after Charging Party complained to Respondent's management about the sexual harassment, Charging Party filed a complaint with the local law enforcement officials alleging that she had been assaulted, subjected to foul, vulgar and obscene language, and sexually harassed by the alleged harasser. The evidence further shows that the alleged harasser was then arrested. The evidence shows that Respondent's General Manager bailed the alleged harasser out of jail and had the alleged harasser return to work with Charging Party. The alleged harasser was later found guilty by the judicial system for harassing the Charging Party.

The evidence shows that Charging Party did not have a shortage of cash funds from her cash register as Respondent's General Manager alleged. Moreover, Respondent's General Manager was aware of the fact that Charging Party's cash register was not short of cash prior to her discharging Charging Party on November 1, 2003, for the alleged cash shortage. Respondent did not submit any evidence to authenticate its position that Charging Party's cash register was, in fact, short of cash.

Based on the evidence obtained during the investigation, I have determined that there is reasonable cause to believe that the Respondent has engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, by discriminating against the Charging Party because of her sex by subjecting her to sexual harassment, and by discharging her in retaliation for complaining of sexual harassment. The evidence does not support a finding that Charging Party was discharged because of her race. The determination makes no findings as to any other allegations in the charge.

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter.

If the Respondent declines to discuss settlement or when, for any reason, a settlement acceptable to the District Director is not obtained, the District Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved person and the Commission. A Commission representative will contact each party in the near future to begin conciliation. I have enclosed a proposed conciliation agreement which contains provisions that provide relief for the Charging Party and injunction/remedial relief in the interest of public policy.

You are reminded that federal law prohibits retaliation against persons who have exercised their rights to inquire or complain about matters they believe may violate the law. Discrimination against a person who has cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission on the merits of the charge.

On Behalf of the Commission

4/29/05
Date

Bernice Williams-Kimbrough
District Director

Enclosures: