## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **AIMEE SMITH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV-2:06-CV-00027-CSC |
| | ) |
| **KENTUCKY FRIED CHICKEN,** | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY THE DISTRICT COURT PROCEEDINGS AND COMPEL ARBITRATION

Defendant KFC U.S. Properties, Inc.[1] (hereinafter "Defendant"), by and through its undersigned attorneys, and respectfully moves this Court pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*, to compel arbitration of the claim brought by Plaintiff Aimee Smith ("Plaintiff") in this civil action. Because the claim asserted by Plaintiff must be arbitrated, Defendant respectfully requests that the instant action be dismissed for lack of subject matter jurisdiction and/or failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). In the alternative, Defendant requests, pursuant to Section 3 of the FAA, that these proceedings be stayed pending the outcome of arbitration.

---

[1] Defendant is incorrectly named in the style of the Complaint as Kentucky Fried Chicken.

Plaintiff began working as an employee for Defendant in March 2003. As a condition of employment with Defendant, Plaintiff and Defendant agreed to arbitrate any employment claims that arise between them. On or about January 11, 2006, Plaintiff filed this civil action alleging that Defendant engaged in, or is liable for, unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). These claims are subject to the mandatory arbitration agreement entered into by the parties. Accordingly, Defendant asks this Court to stay all proceedings in the District Court and compel arbitration.

## **MEMORANDUM OF LAW**

On March 5, 2003, the parties agreed to arbitrate any claims that arise between them related to Plaintiff's employment. Specifically, Plaintiff signed an arbitration agreement (hereinafter "Agreement") that states as follows:

> AGREEMENT TO ARBITRATE: Because of, among other things, the delay and expense which result from use of the court systems, KFC and I agree to use confidential binding arbitration for any claim that arises between me and KFC … Such claims would include any claims concerning compensation, employment (including, but not limited to, any claims concerning sexual harassment), or termination of employment. … In any arbitration, the then prevailing rules of the American Arbitration Association (and, to the extent not inconsistent, the then prevailing rules of the Federal Arbitration Act) shall apply.

(Exh. No. 1.[2])  Notwithstanding this Agreement, Plaintiff filed a lawsuit in this Court alleging unlawful sexual harassment and employment retaliation (including termination).  These claims are subject to mandatory and binding arbitration pursuant to the Agreement.

## ARGUMENT

**I.    PLAINTIFF'S CLAIM IS ARBITRABLE.**

Defendant asks this Court to dismiss this action, or in the alternative stay the proceedings and compel arbitration.  In determining whether to compel arbitration, a court is to determine (i) arbitrability, *i.e.*, whether the arbitration agreement covers the type of controversy at issue, and (ii) whether the agreement is valid and enforceable.  *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985); *Personal Sec. & Safety Sys., Inc. v. Motorola Inc.*, 297 F.3d 388, 392 (5th Cir. 2002).  The Federal Arbitration Act ("FAA") provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay trial of the action until such arbitration has been had in accordance with the terms of the agreement …

---

[2] Plaintiff also bound herself to mandatory arbitration of any claims against Defendant by signing the Arbitration of Employee Rights section of her application for employment with Defendant. (*See* Exh. 2.)

9 U.S.C. § 3. Thus, the FAA mandates that trial courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement exists.

Furthermore, where the issues presented are subject to arbitration under an agreement to arbitrate, the trial court is required to stay judicial proceedings. 9 U.S.C. §§ 3, 4. Alternatively, the trial court may dismiss the case when all of the issues in the underlying suit are compelled to arbitration, and there is nothing left for the trial court to resolve. *See Employers Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1326 (11th Cir. 2001) (affirming district court's decision to compel arbitration and dismiss the underlying case); *Minter v. Citifinancial, Inc.*, No. Civ. A. 3:02-CV-2264, 2003 WL 138085 (N.D. Tex. Jan. 14, 2003) (granting defendant's motion to compel arbitration and dismissing case)

### A. *The Agreement Is Valid and Enforceable.*

The Agreement in this case is valid and enforceable. The FAA provides that "a written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, irrevocable, and enforceable …" 9 U.S.C. § 2. The purpose of the FAA was to "seek broadly to overcome judicial hostility to arbitration agreements." *Allie-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273 (1995).

Consistent with this purpose, courts have found that the FAA expresses a strong public policy favoring arbitration as a means of dispute resolution. *See*

*Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121-23 (2001) (holding that arbitration agreements are presumptively enforceable for all employment relationships not involving transportation workers); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) (holding that because the FAA expresses a liberal federal policy favoring arbitration agreements, "any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration …").

This preference for arbitration has been widely recognized in the employment context, and specifically for federal statutory claims. *See Circuit City*, 532 U.S. at 122-23; *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) (holding that age discrimination claim is subject to compulsory arbitration). Indeed, the Eleventh Circuit has approved arbitration of the very claims raised in the instant action -- claims under Title VII. *See Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 700-01 (11th Cir. 1992) (holding that agreement to waive federal adjudication of Title VII and state law claims in favor of arbitration was permissible and that proceedings in federal court should be stayed pending arbitration under 9 U.S.C. §§ 3-4).

Significantly, this Court has already had before it the ***very same*** mandatory arbitration agreement present in this instant case and held it was enforceable. *Bradford v. KFC Nat'l Mgt. Co.*, 5 F. Supp. 2d 1311, 1315-16 (M.D. Ala. 1998)

(staying proceedings of Title VII claims and compelling arbitration pursuant to 9 U.S.C. § 3 where valid agreement to arbitrate existed).

Plaintiff consented to arbitration. Prior to Defendant's decision to hire her, Plaintiff was presented with and signed the Agreement. By doing so, Plaintiff knowingly bound herself to the terms contained in the Agreement, which expressly provide for mandatory and binding arbitration. The United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and this Court have upheld mandatory arbitration agreements of employment disputes, including federal statutory claims. Accordingly, the Agreement is valid and enforceable.

> **B.**     *The Agreement Covers Plaintiff's Title VII Claims.*

It cannot be disputed that the Agreement in this case covers Plaintiff's Title VII claims. The Agreement generally covers any claims related to Plaintiff's employment and specifically covers any claims "regarding sexual harassment" and "termination." Thus, clearly Plaintiff's Title VII claims of sexual harassment and retaliation fall within those claims covered by the Agreement. Again, this Court has already held as such in *Bradford v. KFC Nat'l Mgt. Co.*, where the same Agreement was held to cover the plaintiff's sexual harassment and termination-related claims. *Bradford*, 5 F. Supp. 2d 1311. Accordingly, the Agreement covers Plaintiff's claims raised in her lawsuit.

## II.    THE COURT MUST COMPEL ARBITRATION.

As described above, the arbitration agreement between Plaintiff and Defendant is valid and enforceable and covers the type of controversy at issue in this case (Plaintiff's Title VII claims).  "By its terms, the Federal Arbitration Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

### **PRAYER**

Accordingly, Defendant respectfully moves the Court pursuant to 9 U.S.C. §§ 3 and 4 and hereby requests that the Court provide the following relief:

(a)    an Order, pursuant to Section 4 of the FAA, 9 U.S.C. § 4, to compel Plaintiff to arbitrate his claims raised in this lawsuit;

(b)    an Order directing Plaintiff to take no further action outside of arbitration with regard to claims covered by the Agreement;

(c)    an Order dismissing this action, or in the alternative, staying this action pending the arbitration of all claims; and

(d)    an Order awarding to Defendant its attorneys' fees and costs associated with filing this Motion.

Respectfully submitted this 24th day of February, 2006.

> /s/Kira Y. Fonteneau
> Kira Y. Fonteneau, ASB-7338-K58F
> E-mail:  kfonteneau@constangy.com
> CONSTANGY, BROOKS AND SMITH, LLC
> Suite 900, One Federal Place
> 1819 Fifth Avenue North
> Birmingham, Alabama  35203
> Telephone:  (205) 252-9321
> Facsimile:   (205) 323-7674

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned electronically filed the foregoing Motion to Stay the District Court Proceedings and Compel Arbitration with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

> Priscilla Black Duncan
> P.B. Duncan & Associates, LLC
> 472 South Lawrence Street, Suite 204
> Montgomery, AL 36104
>
> Alicia Kay Haynes
> Haynes & Haynes, PC
> 1600 Woodmere Drive
> Birmingham, AL 35226

This 24th  day of February, 2006

> /s/Kira Fonteneau
> Kira Fonteneau