IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AIMEE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV-2:06-CV-00027-CSC |
| | ) |
| KENTUCKY FRIED CHICKEN, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, STAY THE DISTRICT COURT
PROCEEDINGS AND COMPEL ARBITRATION**

COMES NOW, the Plaintiff, Aimee Smith, and files her response in opposition to Defendant's Motion to Dismiss, or in the Alternative, Stay the District Court Proceedings and Compel Arbitration. In support of her opposition, Plaintiff states the following:

## FACTS

1. Defendant filed its motion to dismiss, or in the alternative, stay the district court proceedings and compel arbitration on February 24, 2006, attaching two Exhibits to its motion: an Agreement to Arbitrate and an Application of

Employment with a signed Arbitration of Employee Rights. Both documents reflected Plaintiff's alleged signature. (Exhibits 1, 2).

2. Plaintiff, Aimee Smith, has reviewed the employment documents attached as exhibits to defendant's motion and provides in her sworn affidavit that she has neither seen these documents previously, nor did she sign the purported employment forms. (See Exhibit 3).

3. Further, Plaintiff's former manager, Malvonnia Knight, has also reviewed the exhibits attached to defendant's motion and provides in her sworn affidavit that no employee was required to sign these type of documents, nor has she seen such documents before. (See Exhibit 4).

4. Finally, Michelene Ralls, a former employee of KFC and the mother of Smith, provides in her sworn affidavit (Exhibit 5) that as an employee of KFC, she was never provided these forms to sign, nor has she seen them previously.

## MEMORANDUM OF LAW

### ARGUMENT

**I.    The plaintiff's claim is not arbitrable.**

In *Benoay v. Prudential-Bache Sec., Inc.*, 805 F.2d 1437, 1440 (11th Cir. 1986), the Eleventh Circuit stated "[a] court may not order arbitration unless and until it is satisfied that a valid arbitration agreement exists." (internal quotes and

Case 2:06-cv-00027-CSC   Document 11   Filed 03/20/2006   Page 3 of 9

citation omitted). The Federal Arbitration Act governs the question of who must decide issues of arbitrability. Under the Act, a district court must compel arbitration if the parties have agreed to arbitrate their dispute. 9 U.S.C. §§ 2, 3 (1988).

However, if the validity of the agreement to arbitrate is in issue, a district court, not a panel of arbitrators, must decide if the arbitration clause is enforceable against the parties. *Id.* § 4; see also *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270 (1967) (holding that if the making of the arbitration agreement is an issue "the federal court may proceed to adjudicate it"). Simply put, parties cannot be forced to submit to arbitration if they have not agreed to do so. *Volt Info. Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 478, 109 S.Ct. 1248, 1255, 103 L.Ed.2d 488 (1989); *Goldberg v. Bear, Stearns & Co.*, 912 F.2d 1418, 1419 (11th Cir. 1990) (per curiam).

Thus, "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985).

3

## II.     Plaintiff never agreed to arbitrate

Under normal circumstances, an arbitration provision within a contract admittedly signed by the contractual parties is sufficient to require the district court to send any controversies to arbitration. See *T & R Enters. v. Continental Grain Co.*, 613 F.2d 1272, 1278 (5th Cir.1980).[1] Under such circumstances, the parties have at least presumptively agreed to arbitrate any disputes, including those disputes about the validity of the contract in general. See *Prima Paint*, 388 U.S. at 403-04, 87 S.Ct. at 1806. Because the making of the arbitration agreement itself is rarely in issue when the parties have signed a contract containing an arbitration provision, the district court usually must compel arbitration immediately after one of the contractual parties so requests. *Id.*

However, this general premise is changed when it is undisputed that the party seeking to avoid arbitration has not signed any contract requiring arbitration. In such a case, that party is challenging the very existence of any agreement, including the existence of an agreement to arbitrate. Under these circumstances, there is no presumptively valid general contract which would trigger the district court's duty to compel arbitration pursuant to the Act. If a party has not signed an

---

[1] This court follows pre-1981 decisions of the former Fifth Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981).

agreement containing arbitration language, such party may not have agreed to submit grievances to arbitration at all.

The plaintiff has produced her sworn affidavit that she never signed an arbitration agreement and the signature the defendant represents in its documents, is not hers. Further, plaintiff has produced the sworn affidavit testimony of her manager that likewise confirms that plaintiff was never asked to sign an arbitration agreement nor had the manager ever seen an arbitration agreement provided to any employee while she was employed.

### III. The district court must deny arbitration

Prior to sending any such grievances to arbitration, the district court itself must first decide whether or not the non-signing party can nonetheless be bound by the contractual language. See *Cancanon v. Smith Barney, Harris, Upham & Co.*, 805 F.2d 998, 1000 (11th Cir.1986) (per curiam) ("[W]here the allegation is one of ... ineffective assent to the contract, the issue [of arbitrability] is not subject to resolution pursuant to an arbitration clause contained in the contract documents.").

In cases of this type, the proper rule has been stated: "To make a genuine issue entitling the [party seeking to avoid arbitration] to a trial by jury [on the arbitrability question], an unequivocal denial that the agreement had been made

[is] needed, and some evidence should [be] produced to substantiate the denial." *T & R*, 613 F.2d at 1278 (quoting *Almacenes Fernandez, S.A. v. Golodetz*, 148 F.2d 625, 628 (2d Cir.1945)); see also *Cancanon*, 805 F.2d at 1000-01 (finding that the party desiring a trial on the enforceability of an arbitration agreement met the burdens under the *T & R* test).

Given this test, it is clear that Aimee Smith is entitled to a trial on the issue of whether or not she is bound by the employment agreement. Her affidavit unequivocally denies the existence of any agreement with Kentucky Fried Chicken. Likewise the affidavit of Mrs. Knight, manager of Kentucky Fried Chicken, also disputes the existence of any employment or arbitration agreement that Ms. Smith would have signed with Kentucky Fried Chicken.

These facts are sufficient to put "the making of the arbitration agreement .... in issue," 9 U.S.C. § 4 (1988), thereby requiring the district court to determine the validity of the employment agreements, specifically the arbitration agreements before compelling Ms. Smith to submit her employment claims to arbitration. See *Cancanon*, 805 F.2d at 1000 (relying upon *T & R*, in stating parenthetically that "where signatures were lacking, issue of existence of agreement could not be resolved pursuant to arbitration clause").

6

The plaintiff recognizes that the *Prima Paint* doctrine has been extended to require arbitration panels to decide many issues regarding the validity of a contract containing arbitration language--including allegations that such contracts are voidable because they involved duress, undue coercion, confusion, mutual mistake, or unconscionability. See, e.g., *Coleman v. Prudential Bache Sec., Inc.*, 802 F.2d 1350, 1352 (11th Cir.1986) (per curiam); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 637 F.2d 391, 398 (5th Cir. Unit B Feb. 1981). However, *Prima Paint* has never been extended to require arbitrators to adjudicate a party's contention, supported by substantial evidence, that a contract never existed at all. See *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1140 (9th Cir.1991).

A party cannot place the making of the arbitration agreement in issue simply by opining that no agreement exists. Rather, that party must substantiate the denial of the contract with enough evidence to make the denial colorable. See *Cancanon*, 805 F.2d at 1000-01; *T & R*, 613 F.2d at 1278. Here, Plaintiff has denied the contract and her signature and has produced the affidavits of her manager and co-worker that also substantiate Smith's denial of entering into a contract. See e.g., *Chastain v. Robinson-Humphrey Co., Inc.*, 957 F.2d 851, 853 -856 (11th Cir. 1992).

7

### IV.    Summary

In summation, the plaintiff did not sign the arbitration agreement that defendant has presented to this court. In light of the substantial and colorable evidence presented, this court cannot compel the parties to arbitrate, but must conduct a trial on whether a valid arbitration agreement exist to subject the plaintiff to enforceability and arbitrability.

WHEREFORE, Plaintiff moves this Honorable Court to deny Defendant's Motion to Dismiss, or in the Alternative, Stay the District Court Proceedings and Compel Arbitration, and order the defendant to file its answer in the above-referenced matter.

                Respectfully submitted,

                /s Alicia K. Haynes
                Alicia K. Haynes
                Alabama State Bar No.: 8327-E23A
                Attorney for Plaintiffs

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama   35209
(205) 879-0377 Telephone
(205) 879-3572 Facsimile
akhaynes@haynes-haynes.com

OF COUNSEL:

**Priscilla Black Duncan**
P.B. Duncan & Associates, LLC
472 South Lawrence Street, Suite 204
Montgomery, AL 36104

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John Richard Carrigan
J. Carin Pendergraft
Ogletree Deakins Nash Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama  35203

/s/ Alicia K. Haynes
Alicia K. Haynes